McGarrah v. Burney.

Judgment reversed.

## McGARRAH v. BURNEY.

Where no objection is made in the District Court to the bond on appeal from a Justice's Court, no objection will be heard in this court.
Where an appeal bond described the judgment as against one, whereas the judgment was against two: *Held,* That the bond was bad.

Appeal from Collin.

*Everts,* for appellant.

*Costa,* for appellee.

LIPSCOMB, J. In this case a motion has been submitted [288] by the appellee to dismiss the appeal on several grounds of exception to the appeal bond from the judgment of the justice of the peace to the District Court. It is only necessary to remark that no decision of the court below was made on the sufficiency of the bond on the appeal that brought the case into that court, and consequently there is nothing in relation thereto to be revised by this court.

The other grounds on which the appellee rests his motion to dismiss the appeal are believed to be better taken. It is objected to the appeal bond that it does not refer to the judgment of the court from which the appeal was taken. The judgment of the District Court was against McGarrah and Tola Dunn, his security in the appeal from the justice of the peace. The bond for the appeal from the District Court, the exceptions to which we are now considering, begins, "Know all men by these presents that we, John McGarrah, as principal, and Tola Dunn and Thomas J. McDonald, as his securities, are held and firmly bound," &c., when this Tola Dunn is a party against whom the judgment was rendered, and he was as much the principal as McGarrah himself. This, perhaps, would not vary his legal liability if there was no other defect in the bond; but in the conditional part the judgment is misdescribed. It is described as a judgment against John McGarrah; and if this court should affirm the judgment and look to the bond to ascertain the securities, it would be found that no security had been given to prosecute the appeal from this judgment of the District Court as it was rendered, but for an appeal from another judgment.

Again, the statute is very explicit that the party taking the appeal shall enter into a bond with two or more securities, to be approved by the clerk, &c. (Sec. 136 of an act of 1846 to regulate proceedings in the District Court.) Now, Tola Dunn is a party to the judgment, and the appellee has all the security in his judgment that can be given to it by Dunn, and the law requires that he

should have two or more securities [289] besides his judgment. The bond, when construed as it ought to be, gives really but one security in the appeal. In this, then, the bond is not such as is required by the law. The motion is granted and the cause is dismissed.

Ordered accordingly.